# Richmond

WESTOVER COURT CORPORATION, ET AL. V. EDWARD H. ELEY, ET AL.

November 25, 1946.

Record No. 3124.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston and Buchanan, JJ.

The opinion states the case.

*Robert C. Lyne*, for the plaintiffs in error.

*George E. Haw*, for the defendants in error.

GREGORY, J., delivered the opinion of the court.

A judgment for $350 was recovered in the trial court by Edward H. Eley and Lillian L. Eley against Westover Court Corporation and Alfred L. Blake and Sons, Inc., for damages alleged to have occurred by reason of certain false representations made by an agent of Alfred L. Blake and Sons, Inc., to Mr. Eley, who, relying upon said representations was induced to purchase a residence.

The facts as developed from the plaintiff's standpoint are that Mr. and Mrs. Eley agreed to purchase from the Westover Court Corporation through Alfred L. Blake and Sons, Inc., agents, a residence, for the sum of $5,016 upon the installment plan. Previous to this contract the firm of Rose and Lafoon had commenced a real estate development known as Westover Court. A number of bungalow houses had been constructed and sold for around $5,000, and in each of them a sufficient heating plant had been installed.

Later, due to the shortage of materials and inability to get the best equipment, Rose and Lafoon, in the place of installing heating plants like those previously installed in their houses, were forced to turn to a new furnace known as the Fluemaster. N. W. Martin and Brothers, heating contractors, made a price upon the Fluemaster to the builders, which was accepted, and the Fluemaster was installed in some fifty houses for the Westover Court Corporation. This corporation had succeeded to the right, title and

interest of the firm of Rose and Lafoon in the development, and continued the construction of other houses.

The Westover Court Corporation employed Alfred L. Blake and Sons, Inc, of which I. Norris Blake was the secretary and a director, to make sale of these houses. Alfred L. Blake and Sons, Inc., had a number of salesmen engaged for the purpose of making sale of lots and houses in this development. Among them was one J. T. Keuster. All of these agents operated under the direction and instruction of Mr. I. Norris Blake.

Mr. and Mrs. Eley bought their property on August 23, 1943, at which time the dwelling was not entirely completed. Mr. Eley had been approached by the agent, J. T. Keuster, who showed him the house, at which time Mr. Eley made inquiry of Mr. Keuster regarding the heating plant. Mr. Keuster then informed Mr. Eley that the heating plant was adequate and would give good service. He represented to Mr. Eley that it would heat the house to seventy degrees in zero weather. Mr. Eley testified that he relied on this representation as to the furnace and was induced thereby to enter into the contract for the purchase of the property.

When cold weather came a fire was built in the furnace to give it a try-out and it was then learned that the system was inadequate and would not properly heat the house.

The evidence shows that these heating plants were unsatisfactory in some of the other houses in which they had been installed in this development. In addition to their failure to heat the houses, there was evidence that they fell to pieces easily, caused fires, and smoked.

Many complaints were received by the Westover Court Corporation, and later this corporation, through its agents, wrote a letter to their purchasers. It admitted in this letter that the furnaces installed in these houses were faulty, due to the conditions brought about by the war. It suggested a means of replacing them with new furnaces which would heat the houses, provided the purchasers would pay the

additional amount which would be required to install the new furnaces. This proposition was not satisfactory.

It was further shown that Mr. Blake, who was at the head of the selling agency, had written a letter to one of the purchasers in this development in which he stated that N. W. Martin and Brothers, who had installed the heating systems had guaranteed the heating plants for one year to heat at a temperature of seventy degrees in zero weather. No such guaranty was made. It will be noted that this alleged guarantee is practically the same in effect as the representation made by Mr. Keuster to Mr. Eley.

The case was submitted to the trial court without a jury and, as previously stated, a judgment was there rendered in favor of the plaintiffs.

There were two points raised in the trial court and both decided adversely to the defendants. Those two same points are raised in this court. The first proposition is that this action is barred by the one-year limitation. The five-year limitation was applied by the trial court.

The second proposition is that the judgment of the trial court is contrary to the law and the evidence.

Addressing ourselves to the first point, we find that Code, sec. 5818 (Michie), is as follows:

"Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

Another pertinent statute is Code, sec. 5385, which is as follows:

"An action of trespass, or trespass on the case, may be maintained by or against a personal representative for the taking or carrying away any goods, or for the waste or destruction of, or damage to, any estate of or by his decedent."

Whether the one-year or the five-year limitation applies depends upon whether or not the cause of action would survive. If it would survive the limitation is five years, but if it would not survive the limitation is one year.

In *Winston* v. *Gordon*, 115 Va. 899, 80 S. E. 756, 763, Judge Keith, quoting from Graves on Pleading, said that the actions that survive are "those for wrong to property, real or personal, or which grow out of breach of contract, but not for wrongs done to the person or reputation, or any purely personal wrong, apart from property or contract."

This question has been presented to this court in numerous cases, one of which is *Watson* v. *Daniel*, 165 Va. 564, 183 S. E. 183. In the opinion in that case most of the Virginia cases are referred to and discussed. We think it unnecessary to reiterate here what was said there.

Another recent case is *Barnes Coal Corp.* v. *Retail Coal Merchants Ass'n* (1942), 128 F. (2d) 645. This case came from the fourth circuit, and the opinion was written by Judge Parker. There our Virginia statute was construed, and Judge Parker quoted with approval from the cases of *Winston* v. *Gordon, supra,* and *Watson* v. *Daniel, supra.* Many other Virginia cases were cited and discussed.

Mr. and Mrs. Eley intended to purchase a dwelling which contained an adequate heating plant for a certain sum. They relied and acted upon the agent's representation to this effect. The dwelling which was delivered to them did not contain an adequate heating plant. The heating plant was an essential portion of the house, and without it the dwelling would have sold for a sum substantially less than that agreed to be paid. It seems to us that this amounted to a direct damage to their property and estate and that the five-year limitation would apply.

We think there is no merit in the charge that the judgment is not supported by the evidence. The testimony of Mr. Eley is corroborated to a substantial extent. It was such that the court could and did believe it. There is no contradiction that the Fluemaster was not a satisfactory heating plant, but on the other hand, witnesses testified that

it was practically worthless. The representation to Mr. Eley was more than a mere expression of opinion. It was of an existing fact.

The court, by its judgment and in its opinion, found that the misrepresentations made by Keuster induced Eley, as a reasonable man, to believe them, and that they were meant to be acted on; that Eley believing them to be true, acted on them, and as a result sustained damages and therefore he is entitled to recover. In this conclusion of the court we concur.

The judgment therefore will be affirmed.

*Affirmed.*