## Richmond

CARVA FOOD CORPORATION v. WILLIAM B. DAWLEY, INDIVIDUALLY, AND TRADING AS WILLIAM B. DAWLEY AND COMPANY.

March 6, 1961.

Record No. 5193.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*Guy E. Daugherty* and *Henry E. Howell, Jr.* (*Howell, Anninos & Daugherty*, on brief), for the plaintiff in error.

*Jack E. Greer* and *James L. Miller* (*Williams, Cocke, Worrell & Kelly*, on brief), for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

On April 13, 1959, Carva Food Corporation, hereinafter referred to as Carva, instituted this proceeding by filing a motion for judgment against William B. Dawley, individually, and trading as William B.

Dawley and Company, to recover $26,000.00 for damages alleged to have been sustained by it because of Dawley's failure to procure for it a policy of insurance on its stock of groceries covering loss caused by any accidental discharge of water from its sprinkler system installed in its warehouse in Norfolk, Virginia.

Carva alleged in its motion that in 1942, it had purchased a sprinkler leakage policy issued by the Firemens' Insurance Company, through Dawley, an insurance solicitor; that in 1948, after Dawley had terminated his business relations with the Firemens' Insurance Company, Dawley procured for it (Carva) a sprinkler leakage policy from Equitable Fire and Marine Insurance Company, hereinafter referred to as Equitable; that thereafter renewal policies were issued to it by Equitable, the date of the last renewal being May 10, 1954, expiring May 10, 1957; that Dawley falsely or inadvertently represented that the policy covered loss by reason of any accidental discharge of water from its sprinkler system; that it did not read or examine the policy of insurance, because of its confidence and reliance upon the representations of Dawley; that on October 15, 1954, an accident caused water to escape from its sprinkler system, and damaged its stock of groceries to the extent of $26,000.00; that it made due claim and proof of loss to Equitable; and that Equitable denied liability on the ground that its policy issued on May 10, 1954, excluded damage due to sprinkler leakage caused by windstorm.

Carva averred that if it had not been misled by the conduct and representations of Dawley, it could and would have purchased a policy which provided the desired coverage. It asks to recover from Dawley the amount of money it would have received from its insurance for the damages sustained by it had the provisions of the insurance policy been as represented by Dawley.

Dawley filed special pleas of the statute of limitations, and of *res judicata* and estoppel by judgment. Attached to its plea of *res judicata* and estoppel by judgment were copies of the pleadings in the United States District Court for the Eastern District of Virginia, in the case of Carva Food Corporation v. Equitable Fire and Marine Insurance Company, defendant, and William B. Dawley, third party defendant, a copy of the judgment in that case entered on April 4, 1958, refusing a reformation of the insurance policy of May 10, 1954, to the extent that it would insure Carva for the loss sustained, and dismissing the action with prejudice as against the principal defendant, and a copy of the policy of May 10, 1954, which contained under the heading, "Perils not included," the following exclusionary clause:

"The Company shall not be liable for loss by 'sprinkler leakage,' * * * caused directly or indirectly, by * * * (c) windstorm, cyclone, tornado or hurricane * * *."

On October 15, 1954, a violent windstorm, cyclone, tornado or hurricane, known as "Hurricane Hazel" blew the roof off Carva's warehouse, and during the storm its sprinkler system commenced discharging water, causing great damage to the stock of groceries stored in the building.

On January 25, 1960, the present case came on to be heard on the pleadings, and the lower court sustained the plea of the statute of limitations, Virginia Code, 1950, § 8-24, as amended, on the ground that this proceeding had been instituted more than one year after the cause of action had accrued.

The present writ was granted Carva upon its sole assignment of error that the court erred in not holding that the five-year limitation applied. On appeal, Dawley has assigned cross-error to the action of the court in overruling his plea of *res judicata* and estoppel by judgment. In view of our conclusion, it is not necessary to consider that assignment.

A correct determination of the matter turns upon the proper interpretation of Code, § 8-24, as amended, with consideration to be given to § 64-135.

Code, § 8-24, as amended, reads:

"*Of actions not before specified.*—Every action for personal injuries shall be brought within two years next after the right to bring the same shall have accrued. Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued. The amendment extending the period within which an action for personal injuries may be brought under this section to two years shall not apply to any cause of action arising prior to July one, nineteen hundred fifty-four."

Code, § 64-135 reads:

"*For goods carried away, waste, or damage to estate of or by decedent.*—An action of trespass or trespass on the case may be maintained by or against a personal representative for the taking or carry-

ing away any goods or for the waste or destruction of, or damage to, any estate of or by his decedent."

In *Richmond Redevelopment and Housing Authority* v. *Laburnum Corp.*, 195 Va. 827, 80 S. E. 2d 574, we set out the principles which control and govern our determination of this case.

In *Worrie* v. *Boze*, 198 Va. 533, 95 S. E. 2d 192, 198 Va. 891, 96 S. E. 2d 799, the governing principles were restated, and the leading cases discussed.

Code, § 8-24 has been consistently construed to provide for survival where the damage to property for which recovery is sought is the direct result of the wrong. Where such damage is an indirect result of the wrong, the action does not survive. If the action would survive, the limitation is five years; but if it would not survive, the limitation is one year. In determining the question whether the action survives, the real nature of the injury or the claim must be regarded and not the form or method by which it is sought to be redressed or enforced. A claim for indirect and accidental damage to plaintiff's estate arising from an injury, merely personal in its nature, does not survive. *Mumpower* v. *Bristol*, 94 Va. 737, 27 S. E. 581; *Winston* v. *Gordon*, 115 Va. 899, 80 S. E. 756; *Cover* v. *Critcher*, 143 Va. 357, 130 S. E. 238; *Vance* v. *Maytag Sales Corp.*, 159 Va. 373, 165 S. E. 393; *Westover Corp.* v. *Eley*, 185 Va. 718, 40 S. E. 2d 177; 1 Mich. Jur., Abatement, Survival and Revival, § 30, page 29.

In *Winston* v. *Gordon, supra,* we approved the rule that those actions which survive are " 'those for wrong to property, real or personal, or which grow out of breach of contract, but not for wrongs done to the person or reputation, or any purely personal wrong apart from property or contract.' "

See also *Trust Co. of Norfolk* v. *Fletcher*, 152 Va. 868, 148 S. E. 785, 73 A. L. R. 1111; *Progressive Realty Corp.* v. *Meador*, 197 Va. 807, 809, 91 S. E. 2d 645.

In *Cover* v. *Critcher, supra,* 143 Va., page 364, quoting from *Mumpower* v. *Bristol, supra,* 94 Va., page 740, we said that in order to survive, " 'the damage must be direct and not the consequential injury or loss to the estate which flows from a wrongful act directly affecting the person only.' "

"Consequential damage" is defined in Black's Law Dictionary, Third Edition, as: "Such damage, loss or injury as does not flow directly and immediately from the act of the party, but only from the consequences or results of such act."

The basis of this proceeding is that Dawley was guilty of negligence or constructive fraud, in that he had represented to Carva that it would be protected from loss caused by accidental discharge from its sprinkler system; and that through Dawley's negligence and breach of trust, such insurance coverage had not been procured for Carva. When Carva found itself unable to collect damages from Equitable, it sought to recover the same damages from Dawley.

This is not an action to enforce the collection of damages to property under an insurance policy; but it is an action seeking to hold Dawley personally responsible for his failure to procure for Carva the policy requested by Carva. It was not instituted until four years and eleven months after the last insurance policy was issued.

Carva's property was not damaged when the insurance policy was issued without full sprinkler leakage coverage. Its property was damaged when water was discharged from the sprinkler system as the result of a windstorm. Dawley was not instrumental in causing the windstorm, nor was he responsible for its results. The damages would not have occurred except for the happening of a severe windstorm, an intervening event which might have never happened. They were the indirect and consequential results of the wrong charged to Dawley.

For the reasons stated, we are of opinion that the trial court correctly held that the notice of motion did not allege a direct damage to property; that it did not state a cause of action which would survive; and that the one year limitation contained in § 8-24 was applicable.

The judgment, therefore, is affirmed.

*Affirmed.*