## Richmond

TRAVELERS INSURANCE COMPANY AND VIRGINIA MUTUAL INSURANCE COMPANY v. STANLEY C. TURNER.

January 18, 1971.

Record No. 7272.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Wayt B. Timberlake, Jr.; David J. Hatmaker (W. W. Wharton; Timberlake, Smith & Thomas; Wharton, Aldhizer & Weaver,* on brief), for plaintiffs in error.

*Thomas T. Lawson (John H. Thornton, Jr.; Woods, Rogers, Muse, Walker and Thornton,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

The assignability of a cause of action against an insurance agent for his failure to effect insurance coverage as agreed between him and his customer is the only question presented by this appeal.

The trial court sustained a demurrer filed by defendant, Turner, to an amended motion for judgment of the plaintiffs, the Travelers Insurance Company (Travelers) and the Virginia Mutual Insurance Company (Virginia Mutual), on the ground that the claim asserted was not assignable and the pleading was, therefore, not sufficient at law.

In these circumstances all material facts sufficiently pleaded by the

amended motion for judgment are admitted as true. *Washington* v. *Garrett*, 189 Va. 57, 61, 52 S.E.2d 83, 85 (1949).

The pertinent facts set forth in the pleadings allege that:

(1) defendant orally offered and agreed to obtain an automobile liability insurance policy for Joseph Nelson Harter covering Harter's car but failed to effect such coverage at the time agreed although Harter had done everything necessary on his part to effect such coverage including payment of the premium;

(2) before such coverage was put into effect Harter negligently became involved in an automobile accident resulting in serious bodily injury to Galen Ray Howdyshell;

(3) Howdyshell instituted a civil action for damages against Harter which Travelers and Virginia Mutual, as uninsured motorists carriers on policies issued to Howdyshell and the owner of the car in which he was riding, were obligated to defend because Harter was an uninsured motorist under the provisions of Code § 38.1-381;

(4) settlement of Howdyshell's claim was negotiated and consumated for $25,000.00 by Travelers and Virginia Mutual who incurred attorney's fees and court costs in the amount of $2,500.00 in connection with the defense and settlement of the claim of Howdyshell;

(5) Travelers and Virginia Mutual were subrogated to Howdyshell's rights against Harter, the uninsured motorist, in the amount of $27,500.00 by virtue of the provisions of Code § 38.1-381(f); and

(6) Harter assigned his claim against Turner for Turner's failure to effect coverage as agreed to Travelers and Virginia Mutual in exchange for a release of the subrogation rights of Travelers and Virginia Mutual against Harter arising from the settlement with Howdyshell.

The parties agree that assignability of a right to recover damages in Virginia depends upon whether the original action is one which survives at common law and that the tests of survivability and assignability of causes of action are the same. *Vance* v. *Maytag Sales Corp.*, 159 Va. 373, 165 S.E. 393 (1932).

It is our opinion that *Carva Food Corp.* v. *Dawley*, 202 Va. 543, 118 S.E.2d 664 (1961), is controlling here. There we said:

"Code, § 8-24 has been consistently construed to provide for survival where the damage to property for which recovery is sought is the direct result of the wrong. Where such damage is an

indirect result of the wrong, the action does not survive. If the action would survive, the limitation is five years; but if it would not survive, the limitation is one year. In determining the question whether the action survives, the real nature of the injury or the claim must be regarded and not the form or method by which it is sought to be redressed or enforced. A claim for indirect and accidental damage to plaintiff's estate arising from an injury, merely personal in its nature, does not survive. *Mumpower* v. *Bristol*, 94 Va. 737, 27 S.E. 581; *Winston* v. *Gordon*, 115 Va. 899, 80 S.E. 756; *Cover* v. *Critcher*, 143 Va. 357, 130 S.E. 238; *Vance* v. *Maytag Sales Corp.*, 159 Va. 373, 165 S.E. 393; *Westover Corp.* v. *Eley*, 185 Va. 718, 40 S.E.2d 177; 1 Mich.Jur., Abatement, Survival and Revival, § 30, page 29." 202 Va. at p. 546, 118 S.E.2d at p. 667.

As we pointed out in *Carva*, the real nature of the injury or claim must be regarded and not the form or method by which it is sought to be redressed or enforced. That the pleadings allege a breach of contract is immaterial where, as here, the basis of this proceeding was that Turner was guilty of negligence or constructive fraud in failing to effect a liability insurance policy on Harter's automobile which would cover the risks contemplated by the parties beginning at the time agreed upon.

The damage to Harter did not occur when the insurance policy was not issued effecting coverage on the date agreed upon. The damage occurred at a subsequent time because of an intervening event, Harter's negligence in the operation of his car, which might never have occurred. In these circumstances we hold that the action was on a claim of a personal nature for indirect and consequential damages to Harter's estate and was not assignable.

*Affirmed.*