**Marti POGUE, Appellant,**

v.

**RETAIL CREDIT COMPANY, Appellee.**

**Marti POGUE, Appellant,**

v.

**George HAMMERLY, t/a Garrett Insurance Agency, a/k/a George P. Hammerly Associates, Appellee.**

**Nos. 71–1270, 71–1271.**

United States Court of Appeals, Fourth Circuit.

Jan. 19, 1972.

Daniel G. Grove, and Amram, Hahn, Sandlun & Sandground, Washington, D. C., and Edward Whitaker, Arlington,

Va., on brief, for appellant in Nos. 71–1270 and 71–1271.

Adelard L. Brault and Brault, Lewis & Geschickter, Fairfax, Va., on brief, for appellee Retail Credit Co. in No. 71–1270.

E. Waller Dudley and Boothe, Dudley, Koontz, Blankingship & Stump, Alexandria, Va., on brief, for appellee George Hammerly in No. 71–1271.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Senior Circuit Judges.

PER CURIAM:

In 1967 Miss Pogue, of Miami, Florida, read an advertisement placed by the Walker & Townsend Co. of New York. The advertisement stated that Walker & Townsend would make loans, with securities as collateral, up to ninety per cent of the value of the securities. By comparison, bank loans to finance stock purchases were then restricted to twenty per cent of the value of the securities due to margin requirements. Miss Pogue, an experienced businesswoman who had dealt extensively in the stock market, regarded this offer as an opportunity to pyramid her stock holdings. By borrowing against stock she then held, she could buy more stock, which would in turn be used as collateral for another loan to buy still more stock.

After reading the ad, Miss Pogue traveled to New York to meet representatives of Walker & Townsend. At that time she signed two notes for a total of $33,000 and a blank power of attorney so that Walker & Townsend could obtain her securities from her broker, Walston & Co.

After signing and delivering the notes and the power of attorney, Miss Pogue called appellee, George Hammerly, in Leesburg, Virginia. Hammerly, apparently a friend of Miss Pogue, was in the insurance business. Occasionally, he would rely on Miss Pogue's advice regarding the stock market. Also, Pogue and Hammerly were co-signers of a note. When Miss Pogue telephoned, she told Hammerly of her transaction with Walker & Townsend and asked him to get for her a Dun & Bradstreet report on Walker & Townsend. Instead, Hammerly sent her a report published by Retail Credit, Inc., the other appellee. He sent the Retail Credit report rather than one published by Dun & Bradstreet, as requested, because he was a subscriber to Retail Credit and not to Dun & Bradstreet. When Miss Pogue received the report, she expressed some chagrin. Hammerly reassured her by saying that Retail Credit had a department for commercial credit as well as one for individual credit, and so it was just as good as Dun & Bradstreet.

This initial report contained no information because Retail Credit had never investigated Walker & Townsend. Hammerly offered to get a complete report but explained that it might be expensive. At Miss Pogue's request, he sought the complete report. This second report also contained little information, explaining that the principals of the company refused to divulge their identity and that Retail Credit could confirm no financial information about Walker & Townsend.

Some months later, Miss Pogue became suspicious of Walker & Townsend because they failed to forward her dividend checks. Discovering that she could obtain a Dun & Bradstreet report through her bank, she did so. The Dun & Bradstreet report disclosed the fact that principals of Walker & Townsend were under a federal indictment. Miss Pogue tried to pay off her loan in order to have her securities returned. But Walker & Townsend had closed their offices and absconded with Miss Pogue's securities.

Miss Pogue related this scenario at the trial. She tried to rely on a breach of contract theory in order to avoid the Virginia statute of limitations. Apparently, that statute requires an action based on deceit where defendant was indirectly responsible for plaintiff's loss to be brought within one year. Travelers Ins. Co. v. Turner, 211 Va. 552, 178 S.

E.2d 503; Carva Food Corp. v. Dawley, 202 Va. 543, 118 S.E.2d 664; Cover v. Critcher, 143 Va. 357, 130 S.E. 238. The trial judge reserved decision on the statute of limitations and its application to these cases, and we may do so too. Judge Lewis directed a verdict for defendant, Retail Credit, and allowed the case against defendant, Hammerly, to go to the jury. The jury brought in a verdict for the defendant.

Appellant contends that Judge Lewis committed error in directing the verdict for Retail Credit and in failing to instruct the jury in the case against Hammerly on a theory based on deceit as well as on contract.

■ Appellant contends that the testimony did disclose evidence of negligence against Retail Credit and that the trial court should have allowed the jury to evaluate this evidence. The test on directing a verdict, however, is not whether there is any evidence, but whether "there are no controverted issues of fact upon which reasonable men could differ." 5A Moore's Federal Practice (2d ed. 1971) § 50.02[1]; Brady v. Southern Ry. Co., 320 U.S. 476, 479–480, 64 S.Ct. 232, 88 L.Ed. 239; Pinehurst, Inc. v. Schlamowitz, 4 Cir., 351 F.2d 509, 513.

■ Perhaps appellant met this burden on the question of Retail Credit's negligence in preparing the report. But in order to support an action of deceit, she must also prove reliance, and on that issue she did not meet the test. 37 Am. Jur.2d Fraud and Deceit, § 223 (1968). Miss Pogue testified that when she sought additional loans she relied on the fact that the report divulged no additional information detrimental to Walker & Townsend. She also testified that she might even have prevented the transfer of her stocks under the initial power of attorney, even though she had committed herself. Nonetheless, we find that the trial court was correct in directing a verdict for Retail Credit. Despite Miss Pogue's testimony, an objective evaluation of the reports published by Retail Credit indicates that they contained no information on which an experienced businesswoman might reasonably rely. Moreover, Retail Credit carefully pointed out that Walker & Townsend assiduously avoided divulging information about itself, even the identity of its principals, a fact that would seem to alert any reasonably experienced person in the business world. Officials of a legitimate business might withhold detailed financial information, but hardly their own identity. The report was one of warning, not of assurance.

■ Similarly, Miss Pogue produced no evidence on which a reasonable jury could base a determination that she relied on Hammerly in this transaction. In addition, under Rule 51 of the Federal Rules of Civil Procedure, a party may not object to instructions given or not given to the jury unless the party objects before the jury retires. Since the appellant failed to object as required and also failed to submit instructions based on deceit, she cannot now complain. Even if the appellant feared that such instructions would have been barred due to the trial court's evaluation of the statute of limitations these instructions should have been submitted. Our decision that the trial court committed no error here, however, is based more on the lack of evidence of deceit than it is on the failure to request instructions on deceit.

Since a careful evaluation of the record below and of the briefs submitted on appeal raises no substantial legal question, we dispense with oral argument. For the reason stated above, the decision of the district court is summarily affirmed.

Affirmed.