**Reuben E. MAINE, Plaintiff,**

v.

**George S. LEONARD et al., Defendants.**

**Civ. A. No. 72–C–26–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Jan. 4, 1973.

John C. Lowe and Stuart F. Carwile, Charlottesville, Va., for plaintiff.

Forbes R. Reback, Richmond & Fishburne, T. Munford Boyd, D. B. Marshall, Paxson, Marshall & Smith, and Stephen H. Helvin, Haugh & Helvin, Charlottesville, Va., for defendants.

*Ruling On Statute Of Limitations*

DALTON, Chief Judge.

This complaint was filed on May 31, 1972 seeking damages for violations of

the securities laws, essentially 15 U.S.C. § 78j, which is § 10 of the Securities and Exchange Act of 1934, and Rule 10b–5 thereunder (17 C.F.R. § 240–10b–5). Essentially, plaintiff alleges that when he sold 8,900 shares of Electronics Concepts Incorporated (ECI) stock to defendants on June 13, 1967, the defendants failed to disclose that there was an impending purchase of ECI by Automatic Sprinkler Corporation of America and also failed to disclose that ECI had been awarded a contract from the US Army for the ECI Manpak proposal development. The stock was sold at two dollars a share and within three weeks of the sale rose to four dollars per share. Within six months of June 21, 1967, the price rose to seven dollars per share. Plaintiff complains that failure to disclose this "inside information" was a violation of the securities laws and caused him loss of profits and income from the 8,900 shares of ECI stock. He seeks $100,000 compensatory damages.

The complaint was originally filed in the United States District Court for the Eastern District of Virginia and by order dated September 8, 1972 was transferred to the Western District, Charlottesville Division.

On August 30, 1972, defendant George Leonard, purchaser of half of plaintiff's stock, filed a counterclaim for recision and damages, seeking recision of the sale to him of the 4450 shares of ECI stock and damages suffered because of the difference between the price paid and the fair market value at the time of the purchase.

Defendants move to strike the complaint on the ground that the claim asserted by the plaintiff is barred by the applicable statute of limitations. Defendants argue that the one-year limitation contained in § 8–24 of the Code of Virginia, 1950, as amended, is applicable. Plaintiff argues that the five year limitation contained in § 8–24 is applicable. This court feels that the two-year limitation contained in Virginia's Blue Sky statutes (§§ 13.1–520 and 522 of the Virginia Code) should be applied as the statute which most closely resembles and best effectuates the federal policy at issue.

In deciding this issue, the court first must consider the language of the Securities Act itself and recent cases dealing with the statute of limitations questions. There is no general federal statute of limitations and no provision in either Section 17 of the Securities Act of 1933 or Section 10 of the Securities and Exchange Act of 1934 governing the suit before us. When the federal legislative act is silent as to the statute of limitations applicable to it, the limitations period of the forum state is applicable. International Union, United Automobile Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); Cope v. Anderson, Receiver, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947); Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123, 125 (7th Cir. 1972); Sackett v. Beaman, 399 F.2d 884, 890 (9th Cir. 1968); Janigan v. Taylor, 344 F.2d 781, 783 (1st Cir. 1965).

In Virginia there has been a split of opinion as to which limitations period applies in fraud actions. Beginning with Vance v. Maytag Sales Corp., 159 Va. 373, 165 S.E. 393 (1932), Virginia courts have held that an action for fraud and deceit will not survive and the one-year statute of limitations is therefore applicable. Defendants point out that for the five-year period of § 8–24 of the Virginia Code to apply, the action must survive. In Cover v. Critcher, 143 Va. 357, 364, 130 S.E. 238, 240 (1925) the court said that in order to survive, "the damage must be direct and not the consequential injury or loss to the estate which flows from a wrongful act directly affecting the person only." Defendants point to Carva Food Corp. v. Dawley, 202 Va. 543, 118 S.E.2d 664 (1961); Traveler's Insurance Company v. Turner, 211 Va. 552, 178 S.E.2d 503 (1971) and to the early case of Mumpower v. City of Bristol, 94 Va. 737, 27

S.E. 581 (1897) as authority for the proposition that where an act is caused by an intervening and indirect event, the damage is consequential and the one-year limitations period should apply. Defendants here contend that the loss from the subsequent rise in the price of stock was indirect and consequential and not directly caused by the sale of the stock, therefore, it is not survivable and the one-year statute of limitations applies.

At least one federal judge in the Fourth Circuit has held that the five-year statute of limitations applies in actions based on fraud. Stevens v. Abbott, Proctor & Paine, 288 F.Supp. 836 (D.C.1968). This case involved a "churning" of securities and an alleged violation of Rule 10b–5. Judge Merhige held the Virginia statute § 8–24 applicable and applied the five-year limitations provision. He did not find the Virginia "blue sky laws" (Virginia Securities Act, §§ 13.1–501 to 13.1–527 of the Virginia Code) applicable to the "churning" action, and therefore ruled out the two-year limitations provision.

At least two circuits, the Seventh and the Eighth, have recently applied the statutes of limitation of the local "blue sky" statutes to federal 10b–5 actions involving securities fraud. Vanderboom v. Sexton, 422 F.2d 1233 (8th Cir. 1970) and Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7th Cir. 1972).

In Parrent v. Midwest Rug Mills, Inc., supra, the court held that in an action under the federal securities laws with respect to the use of manipulative or deceptive devices in connection with the purchase or sale of a security and use of means or instruments of transportation or communication in interstate commerce to defraud, the three-year limitations provision in the Illinois Securities Law applied rather than the five-year Illinois statute applicable to actions for fraud since, inter alia, the former provision best effectuated the federal policy of protecting the "uninformed, the ignorant, the gullible," and since the state and federal securities laws resembled one another. In Charney v. Thomas, 372 F.2d 97, 100 (6th Cir. 1967), cited by Vanderboom v. Sexton, supra and Parrent v. Midwest Rug Mills, Inc., supra, it was established that the basic standard for determining which of the various local periods of limitation to utilize is the "one which best effectuates the federal policy at issue." The court in Vanderboom v. Sexton, supra, found the Arkansas "blue sky" statute most closely resembled the federal statute 10b–5 and therefore applied the "blue sky" period of limitation as the statute which best effectuated the federal policy involved. Vanderboom, supra, 422 F.2d at 1237 and 1238.

This court finds the approaches of the courts in Vanderboom and Parrent to be the best method for determining which limitations period applies in securities fraud actions. We will now consider the similarities between the Virginia "blue sky laws" and Securities and Exchange Act Rule 10b–5. Rule 10b–5 states:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud.

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) To engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser.

This court finds the two statutes virtually identical, and applying the "commonality of purpose" test outlined in Vanderboom, supra at 1240 this court will apply the two-year statute of limitations outlined in "blue sky" provisions §§ 13.1–520 and 13.1–522 of the Virginia Code. The court holds that this is

the limitations period which "best effectuates the federal policy at issue." Charney v. Thomas, supra, 372 F.2d at 100.

The court also notes that the two-year limitations period does not begin to run in a 10b–5 action until the fraud is discovered where a plaintiff injured by fraud "remains in ignorance of it without any fault or want of diligence or care on his part . . . Bailey v. Glover, 21 Wall. 342, 348, 22 L.Ed. 636." Holmberg v. Armbrecht, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). The court does not have sufficient facts at hand to determine when the alleged fraud was discovered. Therefore, it cannot rule whether the action fell outside the two-year limitations period and was time-barred.

Accordingly, the court now directs that all depositions, discovery or otherwise, and all stipulations, be taken and filed by the parties relating to the factual matters in dispute.