**FEDERATED GRAPHICS COMPANIES, INC., Plaintiff,**

v.

**Leo NAPOTNIK and Lionel Barnett, Defendants.**

Civ. A. No. 76–0217.

United States District Court,
E. D. Virginia,
Richmond Division.

Nov. 16, 1976.

Frank J. Ceresi, Arlington, Va., for plaintiff.

Henry H. McVey, III, McGuire, Woods & Battle, Richmond, Va., for defendants.

MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a New York corporation, seeking injunctive and monetary relief, brings

this action against the defendants, alleged to be residents of Virginia, and officers of a Virginia corporation. Plaintiff contends that the defendants acting on behalf of themselves and for and on behalf of a Virginia corporation, instituted involuntary bankruptcy proceedings against the plaintiff in the United States District Court for the Southern District of New York. Plaintiff further alleges that the defendants attempted to unduly influence the plaintiff's creditors to join in that petition in bankruptcy. Plaintiff seeks both compensatory and punitive damages. Jurisdiction is alleged pursuant to 28 U.S.C. § 1332(a). The matter comes before the Court on the defendants' motion to dismiss the action as barred by the statute of limitations. The matter has been briefed and is ripe for disposition.

Plaintiff is a corporation engaged in business as a printing broker. On or about October 15, 1973, the Baughman Company (the Virginia corporation heretofore referred to) commenced an action to recover for alleged printing services rendered to the plaintiff. The defendants are alleged to be the officers of the Baughman Company. It is further alleged that the defendants caused the Baughman Company to file an involuntary petition in bankruptcy against the plaintiff on December 12, 1973. This petition was dismissed with the consent of Baughman on January 22, 1974. It is alleged that the petition was maliciously filed without probable cause with the intent and effect of injuring the plaintiff's business. The instant complaint asserts two causes of action. First, plaintiff maintains that the defendants' actions, as heretofore alleged, constitute malicious prosecution. Secondly, plaintiff asserts a claim under Section 18.2–500 of the Code of Virginia (1975 Repl. Vol. 1976 Supp.) for injury to one's business. The sole ground for dismissal advanced by the defendants is the running of the statute of limitations. All parties agreed that both causes of action accrued under date of January 22, 1974 when the petition in bankruptcy was dismissed. The parties are in further agreement that the applicable limitations period as contained in the Va.Code

Ann. Section 8–24 (1957 Repl. Vol. 1976 Supp.). That provision states in pertinent part:

. . . Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued.

The crucial issue before the Court is whether the one year or the five year provision is applicable.

The general principles governing Section 8–24 have frequently been referred to by the Supreme Court of Virginia.

[The] Code, § 8–24 has been consistently construed to provide for survival where the damage to property for which recovery is sought is the direct result of the wrong. Where such damage is an indirect result of the wrong, the action does not survive. If the action would survive, the limitation is five years; but if it would not survive, the limitation is one year. In determining the question whether the action survives, the real nature of the injury or the claim must be regarded and not the form or method by which it is sought to be redressed or enforced. A claim for indirect and accidental damage to plaintiff's estate arising from an injury, merely personal in its nature, does not survive. *Mumpower v. City of Bristol,* 94 Va. 737, 27 S.E. 581; *Winston v. Gordon,* 115 Va. 899, 80 S.E. 756; *Cover v. Critcher,* 143 Va. 357, 130 S.E. 238; *Vance v. Maytag Sales Corp.,* 159 Va. 373, 165 S.E. 393; *Westover Court Corp. v. Eley,* 185 Va. 718, 40 S.E.2d 177; 1 Mich.Jur., *Abatement, Survival and Revival,* § 30, page 29.

*Travelers Ins. Co. v. Turner,* 211 Va. 552, 178 S.E.2d 503, 505 (1971) quoting *Carva Food Corp. v. Dawley,* 202 Va. 543, 118 S.E.2d 664, 667 (1961). The Court, therefore, must look to the real nature of the

two claims asserted in order to determine which limitation period is applicable.

The Virginia law is quite settled that an action for malicious prosecution is personal in nature and therefore does not survive the death of the plaintiff. Accordingly, an action of this nature must be brought within one year of its accrual. *Mumpower v. City of Bristol,* 94 Va. 737, 27 S.E. 581 (1897); *Winston v. Gordon,* 115 Va. 899, 80 S.E. 756, 763 (1914); *Norfolk and Western Railroad Co.,* 87 Va. 185, 12 S.E. 395, 396 (1890); *Rowe v. United States Fidelity and Guaranty Co.,* 421 F.2d 937, 940 n. 7 (4th Cir. 1970). The plaintiff seeks to escape the application of this rule on the basis of its corporate nature. It is contended that personal torts directed at corporate entities directly injure property—*i. e.,* profits and good will—and therefore, the tort would survive at common law.

Virginia has provided that "[T]he word 'person' may extend to be applied to bodies politic and corporate as well as individuals." Va.Code Ann. § 1–13.19 (1973 Repl. Vol.) Accordingly, corporations are deemed to be and taken as natural persons when the circumstances in which they are placed are identical with those of natural persons. *See Crafford v. Board of Supervisors of Warwick County,* 87 Va. 110, 12 S.E. 147 (1890); *Stribbling v. Bank of the Valley,* 26 Va. (5 Rand) 132 (1827); *Baltimore & Ohio Rail Co. v. Gallahue's Administrators,* 53 Va. (12 Gratt.) 655 (1855). *See also Wiggins v. Proctor & Schwartz, Inc.,* 330 F.Supp. 350, 352 (E.D.Va.1971). There is no manifest legislative intent discernible in Section 8–24 to treat corporations differently from natural persons with regard to personal torts. Indeed, under the plaintiff's theory, the limitation period would vary with the business structure of the plaintiff rather than with the nature of the claim. This, of course, is not consistent with the policies reflected in *Travelers Ins. Co. v. Turner, supra,* 178 S.E.2d at 505, and *Carva Food Corp. v. Dawley, supra,* 118 S.E.2d at 667. Absent legislative amendment or an indication from the Virginia courts to the contrary, this Court will not differentiate between juristic and natural persons in the application of the statute of limitations. Accordingly, the Court concludes that under *Mumpower v. City of Bristol, supra,* 27 S.E. 581, the plaintiff's claim for malicious prosecution must be dismissed as time barred.

The Court is of the opinion, however, that an action brought under Sections 18.2–499 and 18.2–500 of the Code of Virginia does survive, and hence, is subject to the five year limitation. Section 18.2–499 makes it illegal to conspire for "the purpose of wilfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever . . ." A person injured by such a conspiracy is entitled to sue for treble damages and the cost of the suit, including reasonable attorney fees. Va.Code Ann. Section 18.2–500(a) (1975 Repl. Vol.) This statutory action provides a remedy for wrongful conduct directed to the business. An injury to one's business is clearly an injury to one's property interest. *See, e. g., Standard Drug Co. v. General Electric,* 202 Va. 367, 117 S.E.2d 289, 296 (1961) (good will held to be a property interest); *Worrie v. Boze,* 198 Va. 535, 95 S.E.2d 192, 196 (1956) (conspiracy to wrongfully solicit business customers held to be a wrong to property); *Blackwelder v. Millman,* 522 F.2d 766, 774 (4th Cir. 1975) (loss of business profits treated as an injury to property under Virginia law). In a case most factually similar to the instant one, the Fourth Circuit found a Sherman Antitrust Act conspiracy claim to survive and therefore subject to the five year limitation period under Virginia law. *Barnes Coal Corp. v. Retail Coal Merchants Ass'n,* 128 F.2d 645, 649 (4th Cir. 1942). The Supreme Court of Virginia has looked favorably upon the *Barnes Coal Company* decision. *See Worrie v. Boze, supra,* 95 S.E.2d at 196. The similarity between an antitrust claim and one asserted under the Virginia statute supports an equally similar conclusion as to its survivability.

The defendants maintain that Sections 18.2–499 and 18.2–500 merely codify common law actions. It is further submitted that as the conduct of the defendants of

which the plaintiff complains is of the nature of malicious prosecution, this statutory claim is of a similar nature and, accordingly, must be governed by the one year limitation period. The statute, however, is applicable to *any* malicious conduct which injures a business. The alleged willful abuse of the judicial system is merely incidental to this action and not determinative of its nature. Malicious prosecution involves wrongful conduct directed at a person which may indirectly damage property. The statutory action, on the other hand, focuses upon conduct directed at property, *i. e.,* one's business. Accordingly, the nature of the two actions differ.

As the Court concludes that an action brought pursuant to Va.Code Ann. Sections 18.2–499 and 18.2–500 would survive at common law, the five year limitation applies and the defendants' motion in this regard must be denied.

An appropriate order will issue.