## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

James J. Spillane et al.

v.

Richard E. Easton et al.

May 20, 1982

Case No. (Law) 12,421

By JUDGE BERNARD G. BARROW

This matter is before the court on the defendants' pleas of the statute of limitations. Oral argument was presented on February 12, 1982, and briefs on behalf of all parties have been filed since that time.

The Motion for Judgment was filed on January 6, 1982, and alleges that the plaintiffs purchased certain real property from two of the defendants on August 3, 1978. It further alleges that the defendants represented to the plaintiffs that the property was served by city sewerage, but sometime during August 1978 after closing had taken place, the plaintiffs discovered that the property was not served by city sewerage.

The defendants contend that this action is barred by the one year statute of limitation contained in Section 8.01-248, Va. Code, which applies to all personal actions for which no limitation is otherwise prescribed. However, I am of the opinion that § 8.01-243 of the Va. Code which prescribes a five year limitation for injury to property is applicable. My reasons follow.

In *Westover Court Corp.* v. *Eley*, 185 Va. 718 (1946), a five year limitation contained in former § 8-24 was applied to a cause of action where defendants had induced plaintiffs to purchase real property by representing

that the heating plant installed on the premises was adequate when in fact it was not. The Court concluded that this was a direct damage to. . . property"; the cause of actions would have survived; and, therefore, Section 8-24 was applicable.

This position was reaffirmed 10 years later in *Progressive Realty Corp.* v. *Meador*, 197 Va. 807 (1956). In that case the sellers of real estate had represented to the purchasers that an elevator on the property was in good condition when in fact it was not. The court again concluded that the alleged fraud resulted in direct damage to property and, therefore, former § 8-24 was again applicable.

When the civil procedure revision took place in 1977, former § 8-24 became what is now sub-section B of § 8.01-243 which prescribes a five year limitation on "[e]very action for injury to property." Although the revision eliminated the prior distinction based on whether or not an action survived, it incorporated "injury to property" as the appropriate criteria.

Thus, a misrepresentation concerning the condition of real property inducing its purchase is a direct injury to property, and § 8.01-243(B) prescribes a five year limitation to every action for injury to property. Therefore, the Pleas of the Statute of Limitation should be overruled.