## CIRCUIT COURT OF MIDDLESEX COUNTY

Batley

v.

Davis

December 14, 1989

Case No. (Law) 1724

## By JUDGE HENRY L. LAM

On June 21, 1986, Craig Norman Thompson (Craig), while operating a motor vehicle owned by his father, Abner N. Thompson, Jr. (Abner), was involved in an accident that seriously and permanently injured Donna Lynn Batley. Her guardian, Gordon F. Batley (Batley) subsequently sued and obtained a money judgment against Craig. Batley was able to collect a portion of the judgment from insurance coverage purchased by Abner.

Prior to the accident, Abner purchased insurance from J. Gordon Davis, Jr., et al. (Davis), an agent. The coverage written proved insufficient to pay in full the judgment rendered against Craig.

Batley obtained an assignment of rights from Craig, the beneficiary of Abner's insurance, and in his Motion for Judgment (motion), sues Abner's agent, alleging that he, Davis, failed to properly insure Abner. Batley seeks by this action to recover the unpaid balance of the judgment earlier obtained.

To the pending motion, Davis demurred, claiming that any failure for which he may be responsible is a right personal to Abner, and as such, is unassignable. This then is the controversy to which the opinion of the court is directed.

Since meeting with counsel on November 22, 1989, I have reviewed the matter presented. I conclude that

the Demurrer should be sustained predicated upon two distinct counts; one having been argued by counsel, and the other having appeared to the court from a review of the pleadings.

First: I submit and so find the motion to be patently defective on its face. Batley proceeds against Davis, based upon the assignment asserted in paragraph 28 of the motion.

Assuming that Abner has a cause of action arising out of his contractual relationship with Davis, which action is assignable, there is privity of contract only between Abner and Davis. Since Craig must take through Abner, then an assignment by Abner to Craig must be obtained and pleaded affirmatively, the same as was done in paragraph 28 of the motion. Lacking such affirmative showing, there is a break in the "chain" to Batley. If assignable, then such defect is amendable and an assignment, if obtained and pleaded, can correct this.

Secondly, counsel, in argument, relied primarily on two cases. Both in the *Carva* case (*Carva Food Corp. v. Dawley*, 202 Va. 543 (1961)), and in *Turner* (*Travelers Ins. Co. v. Turner*, 211 Va. 552 (1971)), the actions arose out of the failure of insurance agents to secure proper coverage. The present case alleges a similar failure by Davis.

*Carva* held that the claim lodged was not a suit to enforce the collection of damages to real property, a "direct result of the wrong," but instead "was an action seeking to hold Dawley, the agent, personally responsible for his failure to procure for Carva the policy requested by Carva." As such, the claim was not for "direct damage" to property but was for "indirect damage," the latter being a "personal" action. Whether the cause would "survive" was the critical issue; an action for direct damage would; for indirect damage it would not. If it did not survive, then it was a "purely personal wrong apart from property or contract," and, as such, was not assignable.

Later, in *Turner*, the court held that an action against an insurance agent for his failure to effect insurance coverage" was on a claim of a personal nature for indirect and consequential damages" and could not be assigned.

The issue of "survivability" was removed by § 8.01-25, and the enactment of § 8.01-26 removed any impediment to the assignment of those "causes of action for damage to real or personal property, whether such damages be direct or indirect, and causes of action ex contractu."

Thus the principal issues upon which both *Carva* and *Turner* were decided would appear to have been removed and resolved by statute. But in the footnotes to § 8.01-26, the Code Revisors state, "However, with the exception of the elimination of the illogical distinction between direct and indirect damage to property, the section codifies existing case law on the assignment of actions." Such comments are not controlling but are offered here for consideration.

Batley argues that § 8.01-26, enacted in 1977, corrects the defect cited in *Turner*. And with this I agree, if the matter be one of damages to Abner's estate.

But here, the plaintiff alleges only damage to Craig's estate; none to Abner, the policyholder. Since there is no allegation of damage, direct or indirect, to the real or personal property of Abner, then the plaintiff's cause of action, if any, must adapt to the remaining language of the statute, to wit, "and causes of action ex contractu are assignable."

In both *Carva* and *Turner*, the court held that where the agent failed in his obligation to secure coverage, as promised, such failure did not give rise to an action in contract but, instead, led to an action against the agent for negligence or constructive fraud.

I conclude that Virginia case law holds that the failure of the agent to insure, as promised, is a purely personal action, and as such, has not been altered by statute. Thus, a failure by Davis to properly insure Abner is not an action "ex contractu" but, to the contrary, is a right of action, personal to Abner, for any indirect and consequential damages he might have suffered. Hence, such cause is not assignable.

In ruling in favor of Davis, I sustain his demurrer and further conclude that the motion is not amendable and is to be dismissed.