## CIRCUIT COURT OF THE CITY OF RICHMOND

Lawrence J. Roussell

v.

Frederick A. Clark, Jr., et al.

January 29, 1982

Case No. G-6057-3

By JUDGE WILLARD I. WALKER

This matter is before the court on what is referred to by counsel for the defendants as motions for summary judgment but what in reality are pleas of the statute of limitations and/or laches. These pleas are filed by the defendants, Frederick A. Clark, Jr., and Alice R. Clark, who were the purchasers of the property at issue, John Elam, who was the real estate agent involved in the transaction, and William G. Boice, who was formerly counsel retained to represent the plaintiff in the transaction. There is no similar pleading filed by the defendant Greer P. Jackson, Jr., but Mr. Jackson appears to be joined in this action only as his capacity as trustee on a deed of trust.

The plaintiff (buyer) seeks equitable relief and damages stemming from the defendants Clark's (sellers) and defendant Elam's (realtor) misrepresentation to the effect that the object of sale (apartment building) had eight rental units. In fact, the City of Richmond had issued a certificate of occupancy for only six rental units.

The buyer and sellers executed a "contract of sale" at realtor's office on February 23, 1978. The parties closed the transaction on April 10, 1978. The certificate of occupancy did not change hands, despite the contractual provision to that effect. The buyer filed a motion for judgment on May 16, 1980, through his attorney, Boice. The sellers, as sole defendants in that action, demurred on June 6, 1980. Defendant Boice withdrew as counsel and buyer substituted John Phillips as counsel on September 8, 1980. The buyer took a voluntary nonsuit of that action on December 3, 1980. The buyer filed a bill of complaint in this court on April 6, 1981, containing the present misrepresentation, conspiracy, and breach of duty claims.

The pleas of statute of limitations filed by the several defendants pose two major questions involving limitation of actions. Which statute of limitations applies to the representation action? Which statute of limitations applies to the breach of duty allegation against Boice?

The starting point for the resolution of the first issue must be the applicable statute of limitations. Virginia Code § 8.01-243(B) provides a five-year limitation on personal actions involving property damage. Virginia Code § 8.01-248, a catch-all provision, provides a one-year limitation on personal actions for which no other limitation is prescribed. Both of these statutes have their source in former Virginia Code § 8-24.

The focal point in determining which limitation applies depends upon whether or not the misrepresentation damaged property. The courts have traditionally looked to the "survivability" of an action to ascertain whether there is damage to property. *Keepe* v. *Shell Oil Co.,* 220 Va. 587, 593 (1979). All actions presently survive (Virginia Code § 8.01-25) whether damage to property be direct or indirect (§ 64.1-145). The 1977 amendments of these statutes precludes application of the survivability test in determining whether there is damage to property.

Looking to the nature of the cause of action, however, this court may gain guidance from assessing the alleged damage done to the plaintiff. Therefore, unless the plaintiff's action is one of a purely personal nature, the damage must be to his property.

Injury to the person breaks down into two major categories: Personal injuries and other injuries so personal in nature that they do not damage the estate of the person wronged. Examples of this latter type of action

have traditionally emcompassed slander, libel and malicious prosecution, where the wrong is aimed at the plaintiff, personally, rather than at his property.

Defendant realtor through counsel argues that the facts of *Cover* v. *Critcher*, 143 Va. 357 (1925), closely parallel the case at bar. The Supreme Court in *Cover* held that the one-year limitation applied because the misrepresentation as to whether plaintiff would enjoy the use of a certain right of way did not "directly" affect the plaintiff's property. *Carva Food Corporation* v. *Dawley*, 202 Va. 543 (1961), *inter alia*, also relied upon the elusive direct-indirect damage to property test, i.e., if the damage was "direct" the five-year limitation applied; if "indirect" the one-year limitation applied. This approach, in determining the applicable statute, was expressly discredited in *Keepe* v. *Shell Oil Co.*, *supra*, at page 594. Mr. Justice Poff, speaking for the court in that case after indicating that undue reliance was placed upon the direct-indirect aspect of the matter in the case of Carva and other cases, and pointing out that survivability was the only issue that had ever been mandated by the legislature (note that survivability is no longer at issue), went on to say, "Here, all the damages claimed flowed from injury to property interests, and no cause of action is based on injury to the person."

In the case at bar, buyer's alleged damages do not accrue to him personally, as it would, for example, in an action for defamation. Either the buyer's loss of potential profits (a property right: *Worrie* v. *Boze*, 198 Va. 533 (1961)), or the diminished value of the buyer's property flowed from the sellers' alleged misrepresentation. The fine line distinction between damage to the use of the property (See *Cover* v. *Critcher*, *supra*. Contra, *Progressive Realty Corp.* v. *Meador*, 197 Va. 807 (1956)) and damage to the property itself merely goes to the consequentiality of the damage from the act and is an inappropriate guideline in determining whether the damage is to property or to person. See *Keepe* v. *Shell Oil Co.*, *supra*.

Accordingly, I hold that the misrepresentation in this case was damage to the plaintiff's property or property interests and the five-year statute of limitations would be applicable. Therefore, the pleas of defendants Frederick A. Clark, Jr., Alice R. Clark, and John Elam are overruled.

This brings the focus of inquiry to the plaintiff's action against the defendant Boice. The plaintiff asserts alternative causes of action against Boice, in tort (malpractice) and contract. Defendant Boice also pleads statute of limitations, which he refers to as motion for summary judgment. The plaintiff's alternative causes of action do not violate the common law rule against misjoinder of tort and contract claims, because the joined claims arise out of the same transaction or occurrence. Va. Code § 8.01-272. This court in its discretion may order a separate trial for any claim.

The plaintiff alludes to an implied oral contract for legal services in paragraph 23 of his complaint. While the court could expostulate upon the nature of the damage done, etc., regarding the applicable statute of limitations, the Supreme Court has expressly held "that an action for negligence of an attorney in performance of professional services while sounding in tort is an actual breach of contract and thus governed by the statute of limitations applicable to contracts." *Oleyear* v. *Kerr, Trustee*, 217 Va. 88, 90 (1976). (Note. Inapplicable distinction drawn in *Goldstein* v. *Weinberg*, 219 Va. 105 (1978)). Actions upon any unwritten contract, express or implied, must be brought within three years. Va. Code § 8.01-246(4).

Several possible dates may be suggested for triggering the running of the statute of limitations: the date of the contract, February 28, 1978; the date of closing, April 10, 1978; the date of discovery of the sellers' misrepresentations, summer of 1979; or Boice's withdrawal from the case, September 8, 1980.

The plaintiff alleges that Boice should have procured the certificate of occupancy at the closing transaction on April 10, 1978, because this was the date of the alleged wrong. Because this was the date of the alleged wrong, the statute runs from that date. The plaintiff filed this action on April 6, 1981, within the three-year limitation period prescribed by Va. Code § 8.01-246(4). Therefore, the statute of limitations plea of the defendant Boice is, likewise, overruled.