Pamela **FOWLER**

v.

**DEPARTMENT OF EDUCATION,**
etc., et al.

**Civ. A. No. 78–0720–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 12, 1978.

George William Warren, IV, Francis, Hubard, Tice & Warren, Richmond, Va., for plaintiff.

Walter H. Ryland, Deputy Atty. Gen. of Virginia, Muriel N. Hopkins, Asst. Atty. Gen. of Virginia, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This matter is before the Court on defendants' motion of 31 July 1978 to dismiss this action for failure to state a claim upon which relief can be granted. Plaintiff has responded to the motion and the matter is now ripe for determination.

Plaintiff brought suit in this Court against the Department of Education of the Commonwealth of Virginia and two officials of that department alleging sex discrimination in employment in violation of 42 U.S.C. §§ 1981, 1982, 1983, 1985(2) and (3), 1986 and 1988, and Amendments I, V and XIV of the Constitution of the United States. Defendants have moved the Court to dismiss the complaint on various grounds, which will be considered seriatum.

Defendants move to dismiss plaintiff's claims for damages and back pay against the Commonwealth of Virginia and its officials acting in their official capacity, on the authority of *Edelman v. Jordan,* 415 U.S.

651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). This portion of defendants' motion is apparently not contested by the plaintiff, and will be granted.

Defendants also move to dismiss plaintiff's claims under 42 U.S.C. §§ 1981 and 1982 on grounds that plaintiff does not allege any discrimination based on race. Plaintiff concedes that her complaint does not state a claim under either § 1981 or § 1982, and therefore defendants' motion will be granted.

Defendants move to dismiss plaintiff's claims under 42 U.S.C. § 1985(2), which provides an action for damages against any conspirators who conspire for the purpose of obstructing the due course of justice in any territory. Defendants claim that this subsection applies only to judicial proceedings. The Court believes that the language of § 1985(2) may be sufficiently broad to encompass conspiracies to obstruct discrimination proceedings in the Virginia Department of Personnel. However, it appears on the face of plaintiff's complaint that the alleged conspirators were officials of the Department of Education, acting within the scope of their employment. The Court does not believe that officials of a public body who act within the scope of their employment are conspiring together within the meaning of § 1985(2) or (3). See *Dombrowski v. Dowling,* 459 F.2d 190, 193 (7th Cir. 1972). Accordingly, plaintiff's claims under § 1985 will be dismissed. This ruling also disposes of plaintiff's claims under § 1986.

For the same reason, it appears that plaintiff's complaint does not state a claim under Va.Code § 18.2–500. That section gives a civil remedy to any person injured by a violation of § 18.2–499, which provides that any two or more persons who "combine, associate, agree, mutually undertake or concert together" to injure another in his trade or business shall be guilty of an offense. This section has apparently never been construed by the Virginia Supreme Court. This Court is of the view, however, that the Virginia Supreme Court would

construe the section as forbidding conspiracies to injure persons in their trade or business. Under that interpretation, the plaintiff's complaint would fail to state a claim under § 18.2–500 for exactly the same reason as it fails to state a claim under § 1985.

■ There is a further reason why the Court should not accept pendant jurisdiction over the statutory claim. The Court's disposition of plaintiff's § 1985 claim leaves no federal conspiracy allegations in the case. Therefore, the elements of plaintiff's State-law claim are significantly different from the elements of her remaining federal claim. This fact makes the Court reluctant to assume jurisdiction over plaintiff's claim under § 18.2–500, particularly in the absence of State court guidance on the meaning and scope of the statute. Accordingly, the Court will decline to accept pendant jurisdiction over plaintiff's claim under Va. Code § 18.2–500.

Plaintiff may go forward with her claim under 42 U.S.C. § 1983, and her claims under the Constitution.