870 F.2d 655
 49 Fair Empl.Prac.Cas. 754
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bessie Carpenter LOCUS, Plaintiff-Appellant,
v.
FAYETTEVILLE STATE UNIVERSITY, Robert Lemmons, in his
official capacity as Head, Division of General Studies,
James Scurry, individually and in his official capacity as
Director of Career Planning and Placement, Charles A. Lyons,
individually and in his official capacity as Chancellor of
FSU, Valeria Fleming, individually and in her official
capacity, Matthew Jarmon, individually and in his official
capacity, Robert James, individually and in his official
capacity, Defendants-Appellees.
 No. 88-2561.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 8, 1988.
Decided March 8, 1989.
 
 Sidney Solomon Baron (Sidney S. Baron, P.A., on brief) for appellant.
 Kaye Rosalind Webb, Assistant Attorney General (Lacy H. Thornburg, Attorney General, North Carolina Department of Justice, on brief) for appellees.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bessie Carpenter Locus, the plaintiff in a civil rights action brought against Fayetteville State University and several University employees, appeals the order of the district court granting summary judgment in favor of the defendants on her claim of civil conspiracy. Finding no error, we affirm.
 
 I.
 
 2
 The plaintiff was employed by Fayetteville State University as an administrative assistant. In the summer of 1985, a notice of openings for the position of academic advisor was circulated and on June 21, 1985, the plaintiff applied for the position. On July 17, 1985, the plaintiff received a letter from Dr. Robert Lemons, one of the defendants and head of the Division of General Studies, stating that a candidate for the position of academic advisor had been chosen. The plaintiff subsequently learned that the person recommended for the position was Gerald Winfrey. Convinced that Winfrey had been selected solely because he was a male, the plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). That complaint was subsequently denied when EEOC found no cause as to discrimination and issued a right-to-sue letter.
 
 
 3
 On May 2, 1986, the plaintiff filed a complaint in district court under Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e et seq., and 42 U.S.C. Sec. 1983 alleging that the defendants were guilty of sex discrimination in denying her the promotion to the position of academic advisor. In addition, the complaint alleged that the defendants had harassed her in retaliation for filing a charge with EEOC and also alleged intentional infliction of emotional distress by her supervisor, James Scurry.
 
 
 4
 The plaintiff subsequently moved to amend her complaint in the district court to include a claim of civil conspiracy against defendants Dr. Charles Lyons, Chancellor of Fayetteville State University; Dr. Valeria Fleming, Provost and Vice-Chancellor for Academic Affairs; Dr. Robert Lemons, head of the Division of General Studies; James Scurry, director of Career Planning and Placement; Matthew Jarmond, director of personnel; and Dr. Robert James, coordinator of the Title III grant program, all in their official and individual capacities. The motion was granted and the amended complaint was filed. In it plaintiff alleged that the defendants were part of a civil conspiracy to deprive her of a promotion and to increase the costs of her discovery. Specifically, plaintiff alleged that the defendants conspired between and among themselves to deprive her of a full and fair determination by EEOC of her sex discrimination charge by providing false and misleading information during EEOC's investigation.
 
 
 5
 The defendants moved for summary judgment on the civil conspiracy claim on the ground that the claim was barred by the intracorporate conspiracy doctrine. The district court agreed and by order dated May 20, 1988, granted the defendants' motion dismissing the action as to defendants Lemons, Lyons, Scurry, Fleming, Jarmond, James, and the University. On June 3, 1988, the district court entered a final order on the civil conspiracy claim pursuant to Fed.R.Civ.P. 54(b). It is from this order that plaintiff appeals.
 
 II.
 
 6
 The intracorporate conspiracy doctrine had its genesis in Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911 (5th Cir.1952), cert. denied, 345 U.S. 925 (1953), an antitrust action based on an alleged conspiracy between the defendant corporation and its officers, employees and agents. In dismissing the action, the court stated:
 
 
 7
 It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.
 
 
 8
 200 F.2d at 914.
 
 
 9
 Although it has been criticized, see Novotney v. Great American Federal Savings & Loan Ass'n, 584 F.2d 1235 (3d Cir.1978), vacated on other grounds, 442 U.S. 366 (1979), the validity of the intracorporate conspiracy doctrine was affirmed in Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752 (1984). It was recognized and adopted by this Court in Greenville Publishing Co., Inc. v. Daily Reflector, Inc., 496 F.2d 391 (4th Cir.1974).
 
 
 10
 Appellant does not argue against the validity of the doctrine itself but argues that its application should be limited to antitrust cases. The law of this Circuit tells us otherwise.
 
 
 11
 In Buschi v. Kirven, 775 F.2d 1240 (4th Cir.1985), we found the doctrine applicable in the civil rights context where suit was brought by dismissed state hospital employees under 42 U.S.C. Sec. 1983 and Sec. 1985(3) charging that their discharges were the result of a conspiracy in violation of both their first amendment and due process rights. Further, the intracorporate conspiracy doctrine has been applied in the civil rights area by other courts, Dombrowski v. Dowling, 459 F.2d 190, 196 (7th Cir.1972); Herrmann v. Moore, 576 F.2d 453 (2d Cir.1978), cert. denied, 439 U.S. 1003 (1978), Becker v. Russek, 518 F.Supp. 1040, 1045 (W.D.Va.1981), aff'd without opinion, 679 F.2d 876 (4th Cir.1982); Eggleston v. Prince Edward Volunteer Rescue Squad, Inc., 569 F.Supp. 1344, 1352 (E.D.Va.1983), aff'd without opinion, 742 F.2d 1448 (4th Cir.1984). We are not persuaded by appellant's argument that the doctrine should be more limited, and her argument that the doctrine is not applicable to civil rights or discrimination cases fails.
 
 III.
 
 12
 Appellant argues that even if the doctrine is applicable in cases involving civil rights or discrimination, it should not be applied here because the facts of this case show it to fall within an exception to the doctrine.
 
 
 13
 Since the doctrine was first stated in Nelson, exceptions to it have been recognized in certain cases. In Buschi, we noted that it has been held that the doctrine does not apply where "the plaintiff has alleged that the corporate employees were dominated by personal motives or where their actions exceeded the bounds of their authority." Note, 13 Ga.L.Rev. 591 at 608. We applied the first such exception in Greenville Publishing, supra, an antitrust case involving competitors in the business of local advertising. In Greenville, a defendant officer had a monetary interest in one of the newspapers involved in the suit and therefore stood to benefit personally from the elimination of the other newspaper. Thus, after approving the doctrine we noted that "an exception may be justified when the [corporate] officer has an independent personal stake in achieving the corporation's alleged objective." 496 F.2d at 399. The appellant has alleged no personal financial stake here.[1]
 
 
 14
 As to the second exception, appellant argues that defendants should not have the benefit of the doctrine because they acted beyond their authority.[2] We have not had occasion to adopt or apply this exception and in view of the fact that appellant has failed to allege facts in her complaint that would make this exception applicable to her case, we need not do so now.[3]
 
 IV.
 
 15
 We conclude that the intracorporate conspiracy doctrine prevents appellant from prevailing on her civil conspiracy claim. Accordingly, the judgment of the district court is affirmed.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Appellant argues that the personal stake exception should be read to include not only financial stake, but also bad faith and personal motives. We have not taken such an expansive view of this exception and decline to do so now, particularly in light of the fact that she has failed to allege any facts that would support such an exception
 
 
 [2]
 In Buschi v. Kirven, supra, we noted that, though less well recognized, other courts have held that unauthorized acts of an employee in furtherance of a conspiracy may state a claim under Sec. 1985(3). Hodgin v. Jefferson, 447 F.Supp. 804 (D.Md.1978)
 
 
 [3]
 We decline to address other exceptions to the doctrine argued by the appellant. They have not been adopted by this Court and they are not supported by the facts