## CIRCUIT COURT OF FAIRFAX COUNTY

Paul Associates, Inc.,
and John Paul Hudson

   v.

Nawal Kawar

October 24, 1989

Case No. (Chancery) 106267

By JUDGE JOHANNA L. FITZPATRICK

This case comes before the Court on Defendant's Demurrer to Plaintiff's Amended Bill of Complaint. Oral argument was heard on October 6, 1989. For the reasons stated below, the demurrer is denied.

This case arises out of certain statements made by Nawal Kawar in 1986, 1987, and 1988 concerning Mr. Hudson. The original Bill of Complaint asserted two counts, the first seeking damages for an alleged conspiracy to injure Plaintiffs' business, the second seeking damages for an alleged libel. Defendant's demurrer to this Bill of Complaint was sustained by Judge Fortkort by Order dated September 12, 1988. Although the reasons for Judge Fortkort's decision do not appear on the face of that Order, the grounds for Defendant's demurrer were essentially that (1) the Bill of Complaint failed to state with particularity which statements were allegedly injurious (Count 1) or libelous (Count 2), and (2) Count 1 was insufficient because it alleged only damage to the personal defendant, which is not cognizable under § 18.2-500(a).

Plaintiff thereafter timely filed an Amended Bill of Complaint, asserting the identical two counts, but

setting forth with particularity which statements are alleged to be injurious or libelous. Defendant's second demurrer does not challenge the Amended Bill of Complaint for lack of particularity, but it does raise other substantive issues which must be addressed.

Va. Code § 18.2-499 is a criminal statute prohibiting conspiracies to "willfully and maliciously injur[e] another in his reputation, trade, business or profession . . . ." Subsection (a) directly prohibits any two or more persons from combining or agreeing to cause unlawful injury, while subsection (b) extends the same prohibitions to any person who "attempts to procure the participation, cooperation, agreement, or other assistance of any one or more persons to enter into any combination . . . prohibited by subsection (a)." Section 18.2-500 then provides civil relief for violations of any part of § 18.2-499.

Defendant's main attack on Count I turns on the distinction between injury to one's business versus injury to one's person. A brief review of the cases under Sections 18.2-499 and 18.2-500 will clarify this distinction. In *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985), for instance, the Fourth Circuit explained that these statutes aim at injuries to business, trade, or profession, not at personal reputation. The same result was reached in *Ward v. Connor*, 495 F. Supp. 434, 439 (E.D. Va. 1980), *rev'd on other grounds*, 657 F.2d 45 (4th Cir. 1981). And in *Campbell v. Board of Supervisors*, 553 F. Supp. 644, 645 (E.D. Va. 1982), the Court applied a literal interpretation of the statute to conclude that "employment" is excluded from the act. Elsewhere, in *Nationwide Mutual Fire Ins. Co. v. Jones*, 577 F. Supp. 968, 970 (W.D. Va. 1984), the Court explained that the injury must not be a result or secondary effect of an action taken for mere personal gain.

The Court in *Jones* then provided some examples of activities which would be prohibited by these acts to illustrate its understanding of this distinction. These included (1) conduct directly interfering with plaintiff's business activity, such as unlawful boycotts and pickets; (2) injuring a company's tradename and goodwill; and (3) stealing customer lists and trade secrets. *Jones*, 577 F. Supp. at 970. Thus, recovery under these acts is confined only to damages directly caused by unlawful conduct express-

ly aimed at Plaintiff's business. Damages are recoverable under § 18.2-500 for injury to Plaintiff's professional reputation, while damages to Mr. Hudson's personal reputation are properly recoverable only under Count II's libel claims.

The Defendant misconstrues this business/personal injury distinction, though, by arguing that the allegedly injurious statements must on their face be directed at the Plaintiff in his corporate capacity, and not in his individual capacity. As explained in *Moore v. Allied Chemical Corp.*, 480 F. Supp. 364, 374 (E.D. Va. 1979), Section 18.2-499 "does not restrict its coverage to corporations; by speaking of injury to 'another in his reputation, trade, business or profession,' Section 18.2-499 also protects individuals who own and operate a business."

Defendant's next attack on Count I is that it fails to properly allege a conspiracy because it includes no allegations of concerted action by two or more named persons to accomplish an unlawful purpose. However, Count I only seeks damages under § 18.2-500(a); it does not state which subsection of § 18.2-499 is alleged to have been violated. While perhaps not a model of clarity, the Court is satisfied that Count I sets forth sufficient facts to permit the Plaintiff to attempt to prove a violation of either Section 18.2-499(a) or (b).

Defendant's final attack on Count I is that the alleged harmful acts are directed only at the personal plaintiff, so the corporate plaintiff is not a proper party. Defendant posits a similar objection to Count II by suggesting that there are no allegedly false statements directed at the corporate plaintiff. These contentions clearly raise issues to be determined by the trier of fact, hence not properly resolved at this juncture.

In light of the foregoing, Defendant's demurrer is denied.