998 F.2d 1009
 1993-2 Trade Cases P 70,304
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MERDAN GROUP, INCORPORATED, Plaintiff-Appellant,
v.
LOGICON EAGLE TECHNOLOGY, INCORPORATED, Defendant-Appellee.
 No. 92-2183.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 30, 1993.
Decided: July 26, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Stephen Anthony Horvath, LEWIS, TRICHILO, BANCROFT & MCGAVIN, for Appellant.
 John Richard Erickson, REED, SMITH, SHAW & MCCLAY, for Appellee.
 Michael F. Marino, REED, SMITH, SHAW & MCCLAY, D. Michael Bennett, LOGICON EAGLE TECHNOLOGY, INC., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 The United States Department of Defense withdrew an assignment of computer consultation work from Merdan Group, Incorporated, and awarded it to Logicon Eagle Technology, Inc. Both companies were under standing contracts with the Department, which had the contractual right to transfer the work, but the contractors were paid only for work assigned and done. Merdan Group sued Logicon for damages caused by the loss of the work, contending that Logicon improperly induced the transfer of the work by the Department of Defense. More specifically, Merdan Group claimed that Logicon secretly agreed to hire James J. Hodges, a key Merdan Group employee with unique technical skills; that Hodges while still employed by Merdan Group helped Logicon recruit other Merdan Group employees to join Logicon and provide Logicon with Merdan Group trade secrets; that Hodges let the Department of Defense know of his plan to leave Merdan Group in order to cause transfer of the contract work; and that Hodges then resigned suddenly at a key moment (Christmas Eve), taking a large number of secret documents with him, and joined Logicon, which thereafter received the Defense Department work.
 
 
 2
 In its four-count complaint, Merdan Group alleged that Logicon: (1) "tortiously interfered with [Merdan Group's] contractual rights" under its contract with the Department of Defense; (2) "conspired ... to tortiously interfere with and breach [Merdan Group's] contract" with the Department of Defense; (3) "tortiously interfered with the employment contract" between Merdan Group and Hodges; and (4) together with Hodges, "combined, associated, and agreed, as part of a mutual undertaking and/or in concert together for the purpose of willfully and maliciously injuring [Merdan Group] in its reputation, trade, and profession" in violation of Va. Codes 18.2-499. Merdan Group sought both compensatory and punitive damages for these alleged torts.
 
 
 3
 At the close of plaintiff's evidence, Logicon moved for judgment as a matter of law on the count alleging a claim for unfair competition under Virginia Code § 18.2-499, Count 4 in Merdan Group's complaint. The district court granted the motion and entered judgment for Logicon, explaining that, although evidence demonstrated that Logicon's efforts were aimed at obtaining the government's business, "[t]here is no evidence to show that the defendant or any of its agents intended to harm Merdan or wanted specifically to harm Merdan or had any animus toward Merdan." The district court also refused to submit Merdan Group's claim for punitive damages to the jury, finding no evidence of malice. The district court submitted the remaining three counts to the jury, which returned a verdict in favor of Logicon.
 
 
 4
 On appeal, Merdan Group contends that the district court erred in finding a lack of evidence to support Count 4 and the claim for punitive damages. It also contends that the district court's instruction to the jury with respect to the sorts of actions constituting tortious interference with contract was deficient. Finding Merdan Group's contentions unpersuasive, we affirm.
 
 
 5
 Count 4 of Merdan Group's complaint purported to state a cause of action under Virginia Code § 18.2-499. That section provides that combinations or conspiracies undertaken "for the purpose of willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever" constitute a misdemeanor and form the basis for a civil action for damages. To prove a violation of § 18.2-499, a plaintiff must present evidence"that the defendant's primary and overriding purpose is to injure his victim in his reputation, trade, business or profession, motivated by hatred, spite or ill will, [thereby establishing] the element of malice required by this section." Greenspan v. Osheroff, 351 S.E. 2d 28, 35-36 (Va. 1986) (emphasis added); see also Nationwide Mut. Fire Ins. Co. v. Jones, 577 F. Supp. 968, 970 (W.D. Va. 1984) (construings 18.2-499 to regulate only conduct "directly aimed toward damaging the business, trade, reputation or profession" of the defendant and holding that, to be cognizable under § 18.2-499, an injury"must not be a result or secondary effect of an action taken for mere personal gain.").
 
 
 6
 In this case there was evidence clearly demonstrating that Logicon was interested in obtaining the government's business and to that end undertook to hire away a key employee of Merdan Group. But the evidence demonstrated that Logicon's motive was personal economic gain and not "hatred, spite or ill will" toward Merdan Group. It is worthy of note that the jury ruled in favor of Logicon on Count 2, alleging a conspiracy to interfere tortiously with the contract between Merdan Group and the Department of Defense, implicitly finding Logicon and Hodges were not attempting to disrupt Merdan Group's business relations.
 
 
 7
 The lack of evidence of malice directed to Merdan Group justified the court's refusal to submit the issue of punitive damages to the jury, as well as its decision to dismiss Count 4. Moreover, the fact that the jury found that Logicon had committed no tort renders moot any dispute as to the scope of allowable damages.
 
 
 8
 Finally, Merdan Group contends that the district court's instruction to the jury with respect to what constitutes improper interference with a contract was deficient. It argues that the instruction that the court gave failed to include within its scope the possibility that Logicon somehow breached a fiduciary duty owed by Hodges to Merdan because of their employee/employer relationship, and that such a breach would have been a form of tortious interference. Merdan Group fails to explain how Logicon owed Merdan Group the same duty that Merdan Group's employee owed it. In the absence of any satisfactory explanation, we are satisfied that the instruction given by the court was sufficiently broad to include that conduct which, under Virginia law, constitutes improper interference with a contract. The district court charged the jury as follows:
 
 
 9
 In order for the plaintiff to prevail on this claim, it must prove by a preponderance of the evidence the following: First, that the plaintiff, Merdan, had a valid contractual relationship with the Army; second, that the defendant knew of this relationship; three, that the defendant intentionally interfered thereby causing a breach or termination of this contractual relationship; four, that such interference was by improper means; and five, that this interference was the proximate cause of damage to the plaintiff.
 
 
 10
 Improper means, under this claim, is defined-well, first let me say that whereas here the contract is one at-will, in effect, that is it could be terminated by the Army at any time. It is not unlawful to entice an employee of a competitor to leave his employment provided no improper means are used. Now, improper or wrongful means, and this would be improper or wrongful means used by the defendant, is defined as means that are illegal or independently tortious, such as violations of statutes, regulations, recognized common law rule, including such things as violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, violation of an established standard of trade or profession, unethical conduct, sharp dealing, overreaching or unfair competition, or where defendant's efforts to induce an employee to leave are integrally related to efforts to interfere with other contractual relations. Fair competition is not considered an improper means.
 
 
 11
 It would appear that Merdan Group's contention that Logicon induced Hodges to breach his fiduciary duty to his employer and participated in that breach amounts to an allegation that is subsumed in the conspiracy counts.
 
 
 12
 We find the contentions of Merdan Group unpersuasive and affirm the judgment of the district court.
 
 AFFIRMED